

# NUMBER 13-12-00501-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CLAHUTIER MALDONADO ALVAREZ,                                    Appellant,

v.

THE STATE OF TEXAS,                                            Appellee.

### On appeal from the 332nd District Court
### of Hidalgo County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Perkes
### Memorandum Opinion Per Curiam

Appellant, Clahutier Alvarez Maldonado, attempted to perfect an appeal from a conviction for aggravated sexual assault.   We dismiss the appeal for want of jurisdiction.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal.   *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).   Absent a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the

merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Appellant was convicted of aggravated sexual assault and aggravated kidnapping. The jury assessed a 25 year prison sentence as to each count and sentence was imposed on January 26, 2012. On January 30, 2012, the trial court signed a trial court certification indicating that appellant had waived the right to appeal. On February 6, 2012, the trial court entered an order granting appellant's motion to modify judgment and ordered that the sentences be reduced to 15 years. No motion for new trial was filed.

Appellant filed a pro se notice of appeal on June 11, 2012. On August 6, 2012, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected and that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. The Court subsequently abated the appeal because the record failed to indicate whether appellant is entitled to appointed counsel on appeal. The trial court held a hearing on October 19, 2012, and made findings that appellant's appeal is untimely, appellant was not denied effective assistance of counsel, appellant remains indigent, appellant does not want to continue to pursue the appeal, and appellate counsel was appointed.

Unless a motion for new trial has been timely filed, a notice of appeal must be filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1). Where a timely motion for new trial has been filed, the notice of appeal must be filed within ninety days after the day sentence is imposed or suspended in open court. *See id.* 26.2(a)(2).

2

The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure.   *See id.* 26.3.

Appellant's notice of appeal, filed more than four months after sentence was imposed, was untimely, and accordingly, we lack jurisdiction over the appeal.   *See Slaton*, 981 S.W.2d at 210.   Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court.   *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (Vernon 2005); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeal is DISMISSED FOR WANT OF JURISDICTION.


PER CURIAM

Do not publish.   *See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
8th day of November, 2012.